10-1388-pr
Brito v. Castillo

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of December, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

_____

Bartolome Brito,

> *Plaintiff-Appellant*,

> v.                                                          10-1388-pr

Gloria Herron Arthur, Attorney at Law, Individually and in Official Capacity, Gaspar M. Castillo, Jr., Attorney at Law, Individually and in Official Capacity,

> *Defendants-Appellees*.

_____

FOR APPELLANT:          Bartolome Brito, *pro se*, Ossining, N.Y.

FOR APPELLEES:          Dennis B. Schlenker, Esq., Albany, N.Y.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-Appellant Bartolome Brito, *pro se*, appeals from the district court's judgment granting Defendants-Appellees' motion to dismiss his complaint for failure to state a claim upon which relief can be granted. We assume the parties' familiarity with the facts and procedural history.

This Court reviews *de novo* a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are generally assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Because all of Appellant's claims were brought pursuant to either 42 U.S.C. §§ 1985(3) or 1986, the existence of a conspiracy, as provided for under § 1985(3), was essential to each cause of action alleged. *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994). To state a conspiracy claim under 42 U.S.C. § 1985, Appellant must have alleged: (1) some racial or other class-based discriminatory animus underlying the Appellees' actions; and (2) that the conspiracy was aimed at interfering with Appellant's protected rights. *Bray v. Alexandria Women's Health*

2

*Clinic*, 506 U.S. 263, 268 (1993). Complaints containing only "conclusory, vague, or general allegations of a conspiracy to deprive a person of constitutional rights" will be dismissed. *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977) (per curiam) (internal quotation marks omitted).

Aside from conclusory assertions, Appellant failed to provide any factual allegations that Appellees engaged in a conspiracy, or that they were motivated by unlawful discriminatory intent or animus. Having conducted an independent review of the record and case law in light of these principles, we affirm the district court's judgment for substantially the reasons stated by the district court in its thorough and well-reasoned memorandum decision and order. We have considered all of Appellant's arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3